UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL A. KLEFAS,

              Plaintiff,                        CASE NO. 07-13503
                                                   HON. LAWRENCE P. ZATKOFF

v.

TIM HORTONS USA INC.,[1]

              Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron, State of
Michigan, on the 25th day of February, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Defendant's Motion to Dismiss (Docket #13).  After the

*pro se* Plaintiff did not file a timely response, the Court issued an Order to Show Cause directing

Plaintiff to file a response explaining why Defendant's Motion should not be granted (Docket #15).

Plaintiff's husband filed a response (Docket #17), which the Court struck in an Order allowing

Plaintiff to file a response *in pro per* or through a licensed attorney on or before February 20, 2009

(Docket #19).  The Order further provided that if Plaintiff failed to file a timely response, the Court

would decide Defendant's Motion on the merits.  Plaintiff failed to file a timely response.

Therefore, finding that the determination of the Motion would not be aided by oral argument, and

_____

[1] When filed, this action was captioned *Cheryl A. Klefas v. Wendy's International*. The
appropriate corporate name of Defendant is now Tim Hortons USA Inc.

pursuant to E.D. Mich. Local R. 7.1(e), this Court ORDERS that the Motion be decided upon the brief submitted by Defendant, without this Court entertaining oral arguments.  For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED.

## II.  BACKGROUND

Defendant employed Plaintiff at one of its restaurants in St. Clair Shores for nine (9) years. Plaintiff was a corporate employee who worked as a Shift Supervisor at the time she was terminated in December 2005.  Plaintiff alleges that during the six months prior to her dismissal, District Manager Tim Quinn ("Quinn") began "coming around frequently" and "started to add more duties" to Plaintiff's responsibilities.  On or about November 30, 2005, Quinn inspected the restaurant and "found several discrepancies."  On or about December 5, 2005, Quinn met with Plaintiff and she allegedly "confessed" to the "discrepancies."  Quinn then informed Plaintiff that her services were no longer needed.  Plaintiff applied for and received unemployment benefits for about six months. The payment of unemployment benefits was disputed by Defendant and, in June 2006, the unemployment agency sought recovery of benefits that had already been paid to Plaintiff.

On April 13, 2007, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging age discrimination.  On May 23, 2007, the EEOC dismissed Plaintiff's charge because it was not timely filed.  On August 20, 2007, Plaintiff filed this lawsuit, wherein she alleges age discrimination in violation of Title VII of the Civil Rights Act of 1964 and/or the Age Discrimination in Employment Act ("ADEA").  Based on the pleadings filed to date, Plaintiff's age is unknown.  For purposes of this Opinion, however, the Court shall assume that Plaintiff is at least 40 years old at the time of the alleged discrimination. 29 U.S.C. § 621 *et seq.*

### III. LEGAL STANDARD

**A.      Rule 12(b)(1)**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction. *Golden v. Gorno Bros., Inc*., 410 F.3d 879, 881 (6th Cir. 2005) (citations omitted).  In reaching a determination, the Court may resolve factual disputes. *RMI Titanium Co. v. Westinghouse Electric Corp*., 78 F.3d 1125, 1135 (6th Cir. 1996) (quoting *Rogers v. Stratton Industries*, 798 F.2d 913 (6th Cir. 1986)).  In order to survive a Rule 12(b)(1) motion to dismiss, the plaintiff retains the burden of proof that jurisdiction exists. *Id*.

**B.      Rule 12(b)(6)**

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of the plaintiff's complaint. The Court must accept as true all factual allegations in the complaint, and any ambiguities must be resolved in the plaintiff's favor. *Jackson v. Richards Medical Co.*, 961 F.2d 575, 577 (6th Cir. 1992). A district court's grant of a motion to dismiss is proper when there is no set of facts that would allow the plaintiff to recover.  *Carter by Carter v. Cornwall*, 983 F.2d 52, 54 (6th Cir. 1993).

### IV. ANALYSIS

**A.      Untimely Charge With The EEOC.**

Under Title VII, a claim for discrimination can proceed in federal district court only *after* administrative remedies are exhausted. *See* 42 U.S.C.A. §§ 2000e-5(e)(1) and (3); *Mitchell v. Chapman*, 343 F.3d 811, 820 (6th Cir. 2003).  Pursuant to 42 U.S.C.A. § 2000e-5(e)(1), a charge

must be filed with the EEOC within 180 days of the alleged unlawful employment act or within 300 days if "the person aggrieved has initially instituted proceedings with a State or local agency." *See also Garg v. Macomb County Comm. Health Serv., Inc.*, 472 Mich. 263, 279 n. 6 (2005). Similarly, under the ADEA, a claim arising from alleged unlawful practices occurring in Michigan must be filed with the EEOC within 300 days of the alleged unlawful conduct. 29 U.S.C.A. §§ 626, 633. *See also LaCroix v. Detroit Edison Co.*, 964 F.Supp. 1144, 1148 (E.D. Mich. 1996) (citing 29 U.S.C.A. § 626(d)(2); *Janikowski v. Bendix Corp*., 823 F.2d 945, 947 (6th Cir. 1987)) ("'[A] plaintiff must file a claim of ADEA violation with the EEOC within 300 days after the alleged unlawful practice occurred,' ... failing which, any suit under the ADEA filed in the federal district court will be dismissed as untimely").

Under both Title VII and the ADEA, the 300 day period in which to file a charge begins as soon as the employee is notified of the employment decision and not when a plaintiff alleges she/he "discovered" the discrimination. *See, e.g., LaCroix*, *supra*; *Campau v. Orchard Hills Psychiatric Center*, 946 F.Supp. 507 (E.D. Mich., 1996). As held by the United States Supreme Court in *Delaware State College v. Ricks*, 449 U.S. 250 (1980), "[t]he proper focus is upon the time of the *discriminatory acts*, not upon the time at which the *consequences* of the acts became most painful." *Id.* at 258 (internal quotation omitted). *See also Amini v. Oberlin College*, 259 F. 3d 493, 498 (6th Cir. 2001) (upholding the dismissal of Title VII and ADEA claims because the filing period commences when an employee "is aware or reasonably should be aware" of the adverse employment decision).

Plaintiff was terminated on December 5, 2005. Plaintiff does not, nor can she, assert any more recent acts of discrimination. Thus, December 5, 2005, was date upon which the running of

the period for filing an EEOC charge commenced.  In order to satisfy the 300 day requirement of

Title VII and the ADEA, Plaintiff was required to file an age discrimination claim with the EEOC

no later than October 2, 2006.  Plaintiff did not file a charge with the EEOC until April 13, 2007,

however, almost 500 days after Tim Hortons notified Plaintiff of its decision to terminate her

employment (*i.e.,* more than six months too late).  Therefore, as properly determined by the EEOC

on May 23, 2007, Plaintiff's charge "was not timely filed . . ."  Accordingly, the Court concludes

that

Plaintiff: (1) failed to satisfy the administrative prerequisites of both Title VII and the ADEA, and

(2) is barred from filing a Title VII or an ADEA action.  The Court therefore holds that Plaintiff's

Title VII and ADEA claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**B.    Exclusive Jurisdiction of the Michigan Unemployment Agency**

Defendant also moves for dismissal pursuant to Fed. Rule Civ. P. 12(b)(1) for lack of subject

matter jurisdiction with respect to Plaintiff's claim, if any, related to unemployment benefits.[2]  To

the extent that Plaintiff seeks recovery of benefits denied by the Michigan Unemployment Agency

(the "MUA"), the Court concludes that it does not have jurisdiction over such a claim. Pursuant to

the Michigan Employment Security Act ("MESA"), MUA has exclusive jurisdiction to make initial

determinations related to state-provided unemployment benefits. M.C.L.A. § 421.32.  MESA further

vests specific Michigan circuit courts with exclusive jurisdiction to review decisions made by the

MUA. *See* M.C.L.A. § 421.38. *See also Peplinski v. Employment Security Comm.,* 359 Mich. 665,

668 (1960).  Therefore, Plaintiff's claims for unemployment benefits in this Court, if any, are hereby

---

[2]The Addendum attached to Plaintiff's Complaint discusses unemployment benefits and it is unclear whether Plaintiff is seeking them or not.  For purposes of this Opinion, the Court assumes Plaintiff is seeking such benefits.

dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## V.  CONCLUSION

Accordingly, and for the reasons set forth above, the Court hereby GRANTS Defendant's

Motion to Dismiss.  Judgment shall be entered accordingly.

IT IS SO ORDERED.


S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  February 25, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record
by electronic or U.S. mail on February 25, 2009.


S/Marie E. Verlinde
Case Manager
(810) 984-3290